MEMORANDUM **
In these consolidated petitions, Oscar Lara, a native and citizen of Mexico, seeks review of the Board of Immigration Appeals’ (“BIA”) order dismissing his appeal from an immigration judge’s decision denying his application for cancellation of removal, and the BIA’s order denying his motion to reopen. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen. Iturribarria v. INS, 321 F.3d 889, 894 (9th Cir.2003). We dismiss the petition for review in No. 06-72419, and deny in part and dismiss in part the petition for review in No. 06-73758.
We lack jurisdiction to review the agency’s discretionary determination that Lara failed to show exceptional and extremely unusual hardship to a qualifying relative. See Martinez-Rosas v. Gonzales, 424 F.3d 926, 930 (9th Cir.2005).
The BIA did not abuse its discretion by denying Lara’s motion to reopen because the BIA considered the evidence he submitted and acted within its broad discretion in determining that the evidence was insufficient to warrant reopening. See Singh v. INS, 295 F.3d 1037, 1039 (9th Cir.2002) (The BIA’s denial of a motion to reopen shall be reversed only if it is “arbitrary, irrational or contrary to law.”).
Lara’s contention that the BIA violated due process by disregarding certain hardship evidence is not supported by the record and therefore does not amount to a colorable constitutional claim. See Martinez-Rosas, 424 F.3d at 930.
No. 06-72419: PETITION FOR REVIEW DISMISSED.
No. 06-73758: PETITION FOR REVIEW DENIED in part; DISMISSED in part.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.